## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH LEON WOOD,** | : | |
| | : | **Civil No. 3:15-CV-1409** |
| **Petitioner** | : | |
| | : | **(Judge Caputo)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **C. MAIORANA, WARDEN,** | : | |
| | : | |
| **Respondent** | : | |

## REPORT AND RECOMMENDATION

### I.    Statement of Facts and of the Case

The petitioner in this case, Kenneth Leon Wood,  was convicted some 24 years

ago, in March of 1991, in the United States District Court for The Middle District of

Florida on federal drug trafficking and firearms charges, and was sentenced to several

current terms of life imprisonment.  (Doc. 1.)  These charges included a felon in

possession of firearms charge, which alleged that Woods was an armed career

criminal by virtue of three prior bank robbery convictions which he had incurred.  18

U.S.C. §922(g)(1) and 924(e).  This firearms conviction resulted in one of the several

concurrent life sentences imposed upon Woods.  In the 24 years that have followed

since this conviction, Wood has made numerous attempts on direct appeal, and

through post-conviction petitions to set aside various aspects of this conviction and sentences. As described by Wood these efforts have to date been unavailing. (Id.)

This petition represents the latest effort by Woods to set aside this conviction and sentence. Citing the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process, Wood now seeks habeas corpus relief, arguing that a motion to vacate sentence under 28 U.S.C. §2255 filed with the sentencing court would be inadequate or ineffective as a means to test the lawfulness of this conviction and sentence in light of the new rule of constitutional law announced in June of 2015 by the Supreme Court in Johnson. On the basis of this assertion, Woods seeks to use the general habeas corpus statute, 28 U.S.C. §2241, to challenge his conviction and sentence and bypass 28 U.S.C. §2255, the statute generally applicable to post-conviction petitions of this type.

Our screening review of this case, however, leaves us convinced that this matter is not appropriately brought as a habeas petition under 28 U.S.C. § 2241, but rather should be addressed in the Middle District of Florida as a petition under 28 U.S.C. §2255. Therefore, we recommend that this petition be transferred to the

Middle District of Florida for consideration as a motion to correct sentence under 28 U.S.C. § 2255.

## II.    Discussion

### A.    This Petition Should Be Transferred to the Sentencing Court

In this case, we find that the petitioner has not made out a valid case for pursuing habeas relief in this district in lieu of a motion to correct sentence filed in the district of conviction under 28 U.S.C. § 2255.  This showing is a prerequisite for a successful habeas petition in this particular factual context.  Therefore, since the petitioner has not made a showing justifying habeas relief at this time, this petition is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  28 U.S.C. § 2254 (Rule 4 applies to § 2241 petitions under Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts).  See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979) (explaining that Rule 4 is "applicable to Section 2241 petitions through Rule 1(b)").

Rule 4 provides in pertinent part:  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Summary dismissal of this habeas petition, which seeks to correct a federal prisoner's sentence, is appropriate here since it is well-settled that: "[T]he usual avenue for federal prisoners seeking to challenge the legality of their confinement," including a challenge to the validity of a sentence, is by way of a motion filed under 28 U.S.C. § 2255. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). See also United States v. Miller, 197 F.3d 644, 648 n.2 (3d Cir. 1999) (stating that § 2255 provides federal prisoners a means by which to bring collateral attacks challenging the validity of their judgment and sentence); Snead v. Warden, F.C.I. Allenwood, 110 F. Supp. 2d 350, 352 (M.D. Pa. 2000) (finding that challenges to a federal sentence should be brought in a motion filed under 28 U.S.C. § 2255). Indeed, it is now clearly established that Section 2255 specifically provides the remedy to federally-sentenced prisoners that is the equivalent to the relief historically available under the habeas writ. See Hill v. United States, 368 U.S. 424, 427 (1962) (stating, "it conclusively appears from the historic context in which § 2255 was enacted that the legislation was intended simply to provide in the sentencing court a remedy exactly commensurate with that which had previously been available by habeas corpus in the court of the district where the prisoner was confined").

Therefore, as a general rule, a § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court

conviction.  Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir. 1972).  Indeed it is

clear that "Section 2241 'is not an additional, alternative or supplemental remedy to

28 U.S.C. § 2255.'"  Gomez v. Miner, No. 3:CV-06-1552, 2006 WL 2471586, at *1

(M.D. Pa. Aug. 24, 2006) (quoting Myers v. Booker, 232 F.3d 902 (10th Cir. 2000))

Instead, Section 2255 motions are now the exclusive means by which a federal

prisoner can challenge a conviction or sentence that allegedly is in violation of the

Constitution or federal laws or that is otherwise subject to collateral attack.  See

Davis v. United States, 417 U.S. 333, 343 (1974).  Thus, federal inmates who wish

to challenge the lawfulness of their sentences must typically file motions with the

sentencing court under § 2255.

This general rule admits of only one, narrowly-tailored, exception, albeit an

exception that, in our view, has no application in these circumstances.  A defendant

is permitted to pursue relief under 28 U.S.C. § 2241 only where he shows that the

remedy under § 2255 would be "inadequate or ineffective to test the legality of his

detention."  28 U.S.C. § 2255(e); see also United States v. Brooks, 230 F.3d 643, 647

(3d Cir. 2000) (recognizing availability of § 2241 in cases where petitioners have no

other means of having claims heard).  The inadequacy or ineffectiveness must be "a

limitation of scope or procedure . . . prevent[ing] a § 2255 proceeding from affording

. . . a full hearing and adjudication of [a] wrongful detention claim."  Okereke v.

United States, 307 F.3d 120 (3d Cir. 2002) (citing Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam)). "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir. 1986)). Accordingly, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Cradle, 290 F.3d at 539. Furthermore, if a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In this case, the representations that the petitioner makes in his petition simply do not demonstrate that he is entitled to resort to seeking habeas relief under 28 U.S.C. § 2241 on the grounds that a motion under 28 U.S.C. § 2255 would be ineffective or inadequate. None of the petitioner's claims fall within the narrow exception outlined in Dorsainvil, in which § 2241 relief could be available in lieu of a motion under 28 U.S.C. §2255. In Dorsainvil, the Third Circuit held that § 2241 relief was available only in very narrow instances to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Thus, to

pursue a claim under §2241 one must, in essence, present an assertion of actual innocence due to an intervening change in the law.

In this regard: "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. See Sawyer v. Whitley, 505 U.S. 333, 339 (1992)." Bousley v. United States, 523 U.S. 614, 623-24(1998). "To establish actual innocence, petitioner must demonstrate that, ' " 'in light of all the evidence," ' 'it is more likely than not that no reasonable juror would have convicted him.' Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant?  Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142, 160 (1970))." Bousley v. United States, 523 U.S. 614, 623 (1998).  Applying this principle to claims made under Dorsainvil:

> [T]his Court would have jurisdiction over Petitioner's petition if, and only if, Petitioner demonstrates:  (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, (3) for which he had no other opportunity to seek judicial review. See Dorsainvil, 119 F.3d at 251–52; Cradle v. U.S. ex rel. Miner, 290 F.3d 536, 539 (3d Cir.2002); Okereke v. United States, 307 F.3d 117, 120 (3d Cir.2002).  A claim of "actual innocence" relates to innocence in fact, not innocence based on a legal, procedural defect.  A litigant must present evidence of innocence so compelling that it undermines the court's confidence in the trial's outcome of conviction; thus, permitting him to argue the merits of his claim.  A claim of actual innocence requires a petitioner to show:  (a) new reliable evidence not available for presentation at the time of the challenged trial; and (b) that it is more likely than not that no reasonable juror would have convicted the petitioner in the light of the new evidence.  See House v. Bell, 547

U.S. 518, 126 S.Ct. 2064, 165 L.Ed.2d 1 (2006); Schlup v. Delo, 513 U.S. 298, 324, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Furthermore, the Supreme Court, in House, emphasized that the gateway standard for habeas review in claims asserting actual innocence is extremely demanding and permits review only in the "extraordinary" case. See House, 547 U.S. at 536–37 (citing Schlup, 513 U.S. at 327).

White v. Zickefoose, CIV 10-0548 (RMB), 2010 WL 1050171 (D.N.J. Mar. 19, 2010).

Nor can Wood secure relief under § 2241, in lieu of relief under § 2255, by asserting that, while guilty of a crime, he is "actually innocent" of the sentencing enhancement. Such arguments, while frequently made by federal inmates, are rarely embraced by the courts. Indeed, courts, including this Court, have repeatedly rebuffed efforts by prisoners to use § 2241 to by-pass the requirements of § 2255 based upon claims of "actual innocence" which relate solely to the application of some sentencing enhancement. See, e.g., Montes v. Holt, 179 F.App'x 824 (3d Cir. 2006); Sines v. Wilner, No. 09-1240, 2009 WL 2365406 (D. Colo. July 31, 2009); Kennedy v. Miner, No. 06-314, 2006 WL 2645148 (M.D.Pa. Sept. 14, 2006).

There is yet another fundamental problem with this argument: §2255 is not inadequate or ineffective as a tool to challenge this sentence. In this regard Wood's claim involves the application of the  the United States Supreme Court's very recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), which held that imposing an increased sentence under the residual clause of the Armed Career

Criminal Act (ACCA) violates the Constitution's guarantee of due process, to his case. Accepting this as Wood's primary claim, we note that §2255 is not inadequate or ineffective as a vehicle for testing this claim. Quite the contrary, Wood may argue that his claim is timely under §2255's statute of limitations since that limitations period provides that the: "1-year period of limitation shall apply to a motion under this section [and] shall run from the latest of– . . . (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255 (f)(3). Likewise, Wood readily has means at his disposal to obtain review of this matter under §2255 as a second and successive petition by simply arguing that this petition relates to: "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255 (h)(2). See Winkelman v. Quintana, 440 F. App'x 92, 93-94 (3d Cir. 2011). See Winkelman v. Longley, 462 F. App'x 181, 182 (3d Cir. 2012)(same). While we do not opine on the ultimate success of these efforts, suffice it to say that §2255 plainly provides a pathway for litigating the merits of these claims.

Recognizing that this claim can be pursued in the district of conviction under §2255, we acknowledge that the petition could be dismissed. In the alternative, the

petition could be transferred to the Middle District of Florida, so the sentencing

district court may consider this petition.  Federal habeas corpus proceedings are

essentially civil proceedings, and as such are governed by the statutes and rules which

apply generally to civil litigation.  Thus, such petitions are also subject to the general

rules governing venue in civil litigation, including Title 28 U.S.C. § 1404(a), which

states as follows:  "For the convenience of parties and witnesses, in the interest of

justice, a district court may transfer any civil action to any other district of division

where it might have been brought."

Adhering to this familiar principle, we note that when courts in this district

have been confronted by habeas petitions, like the petition lodged here, which

challenge aspects of a sentence imposed by another federal district court, they have

often relied upon §1404 to order the transfer of the petition to the sentencing court

for its consideration.  In reaching this result we have observed that:

> The Court may apply "traditional venue considerations," including
> convenience to the parties, where material events took place, and where
> records and witnesses pertinent to a petitioner's claim may be found, to
> habeas cases. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 493-
> 94, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  Indeed, this Court has
> followed this course of action in other cases where an inquiry into the
> sentencing court's intent was necessary to properly dispose of a petition.
> . . . . See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL
> 2632561, at *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v.
> Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, at *4
> (M.D.Pa. April 14, 2008) (Munley, J.) (citing Verissimo v. INS, 204

F.Supp.2d 818, 820 (D.N.J.2002) (finding that "a habeas petition may be transferred to the district court of the state in which the petitioner was sentenced and convicted, even if the petitioner was transferred to prison in a different state."); Wilkins v. Erickson, 484 F.2d 969, 973 (8th Cir.1973) (allowing transfer of habeas corpus case from the District of South Dakota to the District of Montana because "Montana, the state of conviction and sentencing, is the most convenient forum because of the availability of witnesses and records.").).

Stover v. Sniezek, No. 1:10-CV-1213,  2010 WL 3220318, *4 (M.D.Pa. Aug. 12 2010)(Jones, J.); see, e.g.,  See Argentina v. Sniezek, Civil No. 4:09-CV-0382, 2010 WL 2632561,  *2 (M.D.Pa. Jun.28, 2010) (Jones, J.); Gardner v. Williamson, Civil No. 3:07-CV-1788, 2008 WL 1752229, *4 (M.D.Pa. April 14, 2008) (Munley, J.) Indeed, we note that such transfers have been routinely granted by the courts, when the interests of justice favor such a transfer.  See e.g., Garner v. Warden, FCI Schuylkill, No. 1:15-CV-0130, 2015 WL 539840, at *1 (M.D. Pa. Feb. 10, 2015); Brawner v. Thomas, No. 1:14-CV-01489, 2014 WL 7139826, at *3 (M.D. Pa. Dec. 12, 2014); Potocki v. Thomas, No. CIV.A. 3:14-0906, 2014 WL 2214283, at *2 (M.D. Pa. May 28, 2014).

In this case, we conclude the prerequisites for a transfer of this matter to the Middle District of Florida pursuant to 28 U.S.C. §1404 are satisfied.  At the outset, it seems that the United States District Court for the Middle District of Florida is another district where these claim might have been brought through a motion under

28 U.S.C. §2255.  Therefore, venue over these claims lies in that district.  Indeed, that

district is the most appropriate venue for this particular challenge to this conviction

and sentence since it is the court where this case was originally tried.  Moreover, even

if Wood were to dispute that venue lies over this particular matter in the district of his

conviction under §2255, we have been counseled by the court of appeals that: "We

need not, however, be overly concerned with the limitations on transfer in section

1404(a), as we believe that there is at least a plausible argument that if [the petitioner]

has no other remedy in the district of his conviction and sentencing, the Court of

Appeals . . .  would approve of the district court's exercising jurisdiction under the

All–Writs Act, 28 U.S.C. § 1651(a) to grant him a writ of error coram nobis.  See

United States v. Shamy, 886 F.2d 743 (4th Cir.1989); United States v. Mandel, 862

F.2d 1067 (4th Cir.1988)."  In re Nwanze, 242 F.3d 521, 526 (3d Cir. 2001).

It is also evident that the second prerequisite for a transfer order is present here:

A transfer of this action to the Middle District of Florida would serve: "the

convenience of parties and witnesses, [and] the interest of justice." 28 U.S.C.

§1404(a).  As we have previously noted when transferring other petitions to the

sentencing district:

> Because the District Court . . . sentenced the petitioner, the events
> material to the case took place in that district.  In addition, the court in
> that district has access to the evidence that led the court to make its

sentencing . . . determination and can best access any witnesses necessary to investigate the case. The interests of judicial efficiency and economy would best be served by transferring the case to the [sentencing court].

Gardner v. Williamson, supra, 2008 WL 1752229, at *4.

Further, transferring this case to the sentencing court allows for a more fully informed decision in this matter. This consideration has particular significance in this case, since our review of the court records provided by Wood raises substantial doubts concerning the application of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), to his case. In Johnson, the Supreme Court held that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA) violates the Constitution's guarantee of due process. That residual clause provided for enhanced sentences for armed felons whose prior convictions entailed "conduct that presents a serious potential risk of physical injury to another,"18 U.S.C. § 924 (e)(2)(B)(ii), and it is this statutory language that the Supreme Court found to be too vague for sentencing purposes. We note, however, that Wood's indictment alleged that his predicate crimes for sentencing purposes as an armed career criminal were three bank robbery convictions. These offenses all involve as a element of the offense the taking of property by violence, force or intimidation. 18 U.S.C. §2113(a). As such, these bank robbery offenses appear to

serve as predicate crimes for an enhanced sentence under the Armed Career Criminal Act by virtue of a separate and more specific section of the statute, 18 U.S.C. §924(e)(2)(B)(I), which provides for an increased sentence in instances where an armed felon has three or more convictions for a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." Id. While we note this issue, we also observe that the court which is best suited to ultimately make this determination concerning the legal grounds for application of this sentencing enhancement is the court which sentenced Wood, the United States District Court of the Middle District of Florida.

Finally, we note that an order transferring this case to the sentencing district for further proceedings also protects the petitioner's rights as a *pro se* litigant. Such a transfer order avoids any unintended prejudice to the petitioner which might flow from a dismissal of this action. See Burnett v. New York Cent. R. Co., 380 U.S. 424, 430 (1965). Moreover, addressing the question of venue in this fashion would not constitute a ruling on the merits of the petitioner's claims, thus assuring that the petitioner can have his case heard on its merits in the most appropriate forum. See, 18 Wright, Miller & Cooper Federal Practice and Procedure, § 4436, at 338 (stating that "a dismissal for lack of jurisdiction or improper venue does not operate as an adjudication upon the merits") (footnote omitted).

In sum, Wood invites this Court under the guise of a habeas petition to do something which the sentencing court should do in the first instance, that is, consider setting set aside his conviction and sentence. We should decline this invitation, given that Wood has not shown that § 2255 is inadequate or ineffective to test the legality of his conviction, and that the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, this Court should transfer this petition to the Middle District of Florida pursuant to 28 U.S.C. § 1404, so that court may address these claims.

## III. <u>Recommendation</u>

Accordingly, for the foregoing reasons, IT IS RECOMMENDED, that this Court should TRANSFER this petition to the Middle District of Florida pursuant to 28 U.S.C. § 1404, so that court may address Wood's claims.

Petitioner is placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo

determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23d day of July 2015.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge